THE BANK OF KENTUCKY AND OTHERS *v.* JAMES BRIGHT, &c.

**Evidence—Burden of Proof—Action on Note.**
        Onus on one charging fraud, to establish same.

**Creditors—Securing Claim.**
        When diligence in securing debt, not fraudulent as to ther creditors.

APPEAL FROM SHELBY CIRCUIT COURT.

May 18, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The note which Snook held against James Bright and which the latter admitted to be, not only genuine but unpaid, except as to five hundred dollars, established at least a *prima facie case* in favor of Snook; as to the existence of his debt to the amount uncontroverted; hence, as the appellants based their right to the relief sought by them upon the ground that the note was fabricated by the parties for the fraudulent purpose of enabling Snook to subject to its payment all the property of Bright and to hold it for benefit of the latter and thereby prevent his real creditors from collecting their debts, all of which Snook denied, the onus was upon them to establish that these charges were well founded by satisfactory evidence.

We are not of the opinion that the testimony in the cause justifies this conclusion, but, upon the contrary, it seems to us that it rather preponderates in favor of the existence of an indebtedness by Bright to Snook of a sum approximating the amount of the judgment rendered in his favor.

We are also of opinion that the evidence fails to establish a fraudulent combination between Snook and Bright to manufacture in favor of the former grounds of attachment, and thereby to enable him to acquire priority over Bright's other creditors.

Much stress is laid upon the conversation had by Bright with Basket, and it is attempted to be made to appear that immediately thereafter Snook hunted up Basket and enquired of him as to said conversation. But the statements of Basket establish no such fact.

He did not meet with Snook until after he had attached, and when they did meet, Snook made no enquiries of him touching his litigation with Bright, but, upon the contrary, the witness without being solicited made a voluntary statement to him that he (the witness) thought that the attachment could be sustained. And then and not till then, did Snook inquire what he knew about it. And all this occurred some considerable time after Bright had been to the home of Basket, possibly within a very few days of a month. Nor does the fact that Snook met with the deputy clerk upon his return from Bright's after taking his acknowledgement of the deed to Nutes, establish the fact that Snook knew what was going on and that he was waiting for the return of the deputy, in order that the latter might retail to him the conversation between himself and Bright.

It appears that the deputy had been sent for by Bright several days before, and it does not appear that he had set apart or designated any day certain upon which he would go, and it was, therefore, impossible that Bright and Snook could have so arranged the matter as to have had the pretended creditor at the depot awaiting the information which would warrant him in serving out his attachment.

Considering all the testimony in the cause, we conclude that Snook by reason of his being the largest creditor of a debtor known to be in failing circumstances was thereby induced to exercise greater vigilance than the appellants in looking after his interests and that the result of this vigilance was the discovery by him that his debtor had left the county of his residence to prevent those of his creditors who were suing from having process served upon him, and that he was attempting to dispose of his property for the purpose of hindering and delaying his creditors in the collection of their debts, and that acting upon this information he secured a priority which the court below was bound to respect.

Wherefore, the judgment is affirmed.

*Wheat, Roberts, for appellant.*
*Caldwell & Harwood, for appellee.*